

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-17-2006

# USA v. Jackson

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2412

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Jackson" (2006). *2006 Decisions.* Paper 575.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/575

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————

No. 04-2412

————

UNITED STATES OF AMERICA,

Appellee,

v.

BRAHEEM JACKSON,

Appellant.

————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 02-cr-00172-36)
District Judge: Honorable Stewart Dalzell

————

Submitted Under Third Circuit L.A.R. 34.1(a)
June 23, 2006

Before: SLOVITER and FUENTES, Circuit Judges, and RESTANI[*], International Trade
Judge.

(Filed:  August 17, 2006)

————

OPINION OF THE COURT

————

[*]The Honorable Jane A. Restani, Chief Judge of the United States Court of
International Trade, sitting by designation.

1

FUENTES, Circuit Judge.

Braheem Jackson challenges his conviction as well as the constitutionality of his 384-month sentence in light of United States v. Booker, 543 U.S. 220 (2005). For the reasons stated herein, we affirm Jackson's conviction, but remand his case for re-sentencing in accordance with the mandate of Booker.

I.

Jackson was charged in the Eastern District of Pennsylvania with: (1) conspiracy to distribute cocaine or cocaine base, in violation of 21 U.S.C. § 846; (2) use of a firearm in furtherance of a drug offense, in violation of 18 U.S.C. § 924(c); (3) possession with intent to distribute more than 50 grams of cocaine or cocaine base, in violation of 21 U.S.C. § 841(a)(1); and (4) possession with intent to distribute more than 50 grams of cocaine or cocaine base within 1,000 feet of a school, in violation of 21 U.S.C. § 860(a). Prior to the trial, Jackson moved to suppress the gun and the drugs gathered from 636 North Brooklyn Street, the house where Jackson was arrested. This motion was denied at a pre-trial hearing, and the case moved forward to trial. At the conclusion of the trial, Jackson was convicted of the firearm and drug charges. As part of its verdict, the jury made a specific finding that Jackson was responsible for possessing or distributing at least 50 grams of cocaine base. The jury could not, however, reach a verdict on the conspiracy count, and that charge was eventually dismissed on the motion of the United States. Jackson was subsequently sentenced to 324 months in prison for the drug possession

2

charges and an additional 60 months for the gun charge. This appeal followed.

II.

In filing both his opening and reply briefs, Jackson was represented by counsel. In both of those briefs, Jackson challenges only his sentence, on the ground that it was unconstitutional in light of <u>Booker</u>. After these briefs had been filed, however, Jackson filed a motion requesting permission to file a supplemental brief without the assistance of counsel. Though we initially denied this motion, upon further consideration we granted Jackson leave "to file a pro se brief challenging the District Court's denial of [his] motion to suppress evidence."

Jackson raises two challenges to his conviction in his pro se brief. First, he discusses the issue we granted him leave to address, namely, the District Court's denial of his motion to suppress. Jackson claims that the motion to suppress should have been granted because at the suppression hearing the prosecution put on a witness it knew would give false testimony. Accordingly, Jackson requests that we vacate the denial of his motion to suppress and remand his case for a new trial on all charges. Jackson second argues in his pro se brief that his possession of a gun in furtherance of a drug offense charge should have been included as a lesser included offense within the conspiracy charge. Because the jury did not find him guilty of conspiracy, Jackson maintains that Double Jeopardy protections bar his being convicted of the gun possession charge. We will first address Jackson's pro se claims, then move on to his <u>Booker</u> challenge.

3

III.

A.

Because Jackson failed to allege prosecutorial misconduct before the District Court and raised no objection at that time, we review for plain error. United States v. Brennan, 326 F.3d 176, 182 (3d Cir. 2003); see also Fed. R. Crim. Pro. 52(b). "In order to demonstrate prosecutorial misconduct under a plain error standard, the review must reveal 'egregious error or a manifest miscarriage of justice.'" Id. (quoting United States v. Brown, 254 F.3d 454, 458 (3d Cir. 2001)). Jackson argues that, at the pre-trial suppression hearing, the prosecution commited an act of misconduct by presenting favorable police officer testimony, while excluding the contradictory testimony of civilian witness David West. Jackson maintains that if West's testimony had been presented, it would have established that evidence seized from the residence where Jackson was arrested was taken unlawfully: whereas the police claim they entered 636 North Brooklyn Street in "hot pursuit" of West, West claims the police broke into the residence after he had already surrendered.

The general rule applied in these circumstances is that a "conviction obtained by the knowing use of perjured testimony is fundamentally unfair, and must be set aside if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury." United States v. Agurs, 427 U.S. 97, 103 (1976) (footnotes omitted). Bearing this rule in mind, Jackson's prosecutorial misconduct claim fails for

4

two reasons. First, West's testimony does not demonstrate that the police officer testimony is perjured. Though West's testimony does stand in contradiction to the police officer testimony, "it is not enough that the testimony is challenged by another witness" for it to be considered perjured. United States v. Payne, 940 F.2d 286, 291 (8th Cir. 1991).

Second, even if the police officer testimony was false, the requirement that the prosecution knew of the perjury has not been satisfied. Agurs, 427 U.S. at 103. In this case, the prosecution was presented with only conflicting testimony, and without definitive evidence to determine whose testimony was credible, it was not possible at the time of the suppression hearing for the prosecution to know if the police testimony constituted perjury. Thus, we see no plain error here, and Jackson's prosecutorial misconduct claim accordingly fails.

In regard to the gun charges, because Jackson raised this issue for the first time in his pro se brief, which was submitted after his opening brief, it did not meet the general requirement that issues on appeal must be set forth and argued in a party's opening brief. United States v. Vazquez, 271 F.3d 93, 107 (3d Cir. 2001) (en banc). Unlike the denial of Jackson's motion to suppress, we did not grant Jackson permission to bypass this requirement as to his Double Jeopardy claim. That claim is thus waived.

## B.

Jackson requests re-sentencing pursuant to Booker, and the prosecution concedes

this issue. In <u>United States v. Davis</u>, 407 F.3d 162 (3d. Cir. 2005) (en banc), this Court

adopted a policy of granting re-sentencing to cases on direct review that were in violation

of the <u>Booker</u> mandate. We held that prejudice can be presumed if a defendant is subject

to "a sentence greater than the maximum authorized by the facts found by the jury alone,"

or treatment of the "Guidelines as mandatory rather than advisory." <u>Id.</u> at 164. Since the

District Court treated the Sentencing Guidelines as mandatory, and found Jackson

responsible for an amount drugs exceeding that found by jury,[1] we grant re-sentencing.

III.

For the reasons stated above, we affirm Jackson's conviction, but remand this

matter for re-sentencing.

———

---

[1]

The District Court found Jackson responsible for 898 grams of cocaine base, (App. 3.16), in excess of the "50 grams or more" found by the jury, (App. 4a-4e); the District Court judge indicated that he treated the Sentencing Guidelines as mandatory by stating, "my hands are very much tied under the way the federal law works," (App. 3.28).

6